IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James B. Skelton, ) | C/A No. 3:15-1035-MBS-JDA |
| ) | |
| Plaintiff, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| ) | |
| State of South Carolina, Governor Nikki Haley,) | |
| ) | |
| Defendants. ) | |
| _____) | |

James B. Skelton ("Plaintiff"), proceeding pro se, brings this civil action seeking to overturn South Carolina probate laws. Plaintiff is a non-prisoner,[1] and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint is subject to summary dismissal.

### BACKGROUND

Plaintiff brings this civil action seeking to overturn South Carolina probate laws. [Doc. 1 at 2.] He alleges that "the probate laws of the State of South Carolina" violate "the civil and constitutional rights of those on probate." [*Id.* at 3.] Further, he alleges "[p]robate laws are poor man's laws that violate the equal protection and due process of the 14th Amendment of the United States. . . . These laws are illegal and unconstitutional and should be repealed and outlawed by this honorable court." [*Id.*] Plaintiff requests this Court to "[d]eclare and order the governor to overturn the unconstitutional probate laws. . . ." [*Id.* at 4.] He attached a copy of a Rating Decision by the United States Department of Veterans Affairs dated March 12, 2013, that indicates that he is considered to be competent. [Doc. 1-1 at 1.]

---

[1] For some reason, Plaintiff completed the court complaint form for state prisoners instead of the non-prisoner form.

From a prior case filed by Plaintiff in this Court, *Skelton v. Eckstrom*, C/A No. 3:10-1888-MBS (D.S.C.), this Court has gleaned that in 2003 apparently a conservator was appointed by a state probate court on behalf of Plaintiff in order to manage his affairs. *See* Report and Recommendation, *Skelton v. Eckstrom*, C/A No. 3:10-1888-MBS (D.S.C. July 29, 2010), ECF No. 8. Plaintiff has filed several prior actions in this Court apparently seeking to regain control to manage his own affairs. *See id.*; *Skelton v. Eckstrom*, C/A No. 3:12-1891-MBS (D.S.C. Aug. 9, 2012). It is appropriate for this District Court to take judicial notice of Plaintiff's prior cases. *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

In Plaintiff's most recent action, *Skelton v. Eckstrom*, C/A No. 3:14-2133-MBS, he sued a South Carolina probate judge seeking to be released from a conservancy overseen by the probate court because he contends he is competent to manage his own affairs. *See* Order, *Skelton v. Eckstrom*, C/A No. 3:14-2133-MBS (D.S.C. Dec. 30, 2014), ECF No. 13. This Court dismissed that action without prejudice. *Id.*

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is

immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

The Complaint may be filed pursuant to 42 U.S.C. § 1983 because Plaintiff alleges that his constitutional rights are violated by South Carolina's unconstitutional probate laws. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential

elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

Although Plaintiff appears to allege the elements of a § 1983 claim, he fails to allege a plausible claim that should be served.  *See Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452–53 (4th Cir. 2012) (explaining that where a plaintiff invoking § 1331 "pleads a colorable claim 'arising under' the Constitution or laws of the United States," he invokes federal subject matter jurisdiction) (citation omitted).  Although the Court must liberally construe the pro se Complaint and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact); *cf. Skinner v. Switzer*, 131 S. Ct. 1289 (2011) (holding that plaintiff need not pin his claim for relief to precise legal theory).

Here, Plaintiff does not plead sufficient factual matters; instead, he relies on legal conclusions.  He does not point to any specific provision in the South Carolina probate laws to explain what his alleged problem is—how it violates equal protection or due process.  He merely says that all of the provisions of the South Carolina probate laws do so, and Governor Haley[2] should be ordered to overturn those laws.  Thus, Plaintiff has not articulated facts that, when accepted as true, demonstrate he has a claim entitling him to

---

[2]This lawsuit against Governor Haley appears to sue her in her official capacity.

relief. *See Hodge v. Gansler*, 547 F. App'x 209 (4th Cir. 2013) (affirming the dismissal of a § 1983 claim for failure to articulate sufficient facts).

Additionally, although Plaintiff does not specifically allege that this action is a declaratory judgment action pursuant to 28 U.S.C. § 2201, if it is construed as such, this Court should decline to exercise jurisdiction over it. For a district court to have jurisdiction to issue a declaratory judgment, two conditions must be satisfied: (1) Article III "case or controversy" must be satisfied; and (2) the "prudential" inquiry by the trial court that declaratory relief is appropriate. *White v. Nat'l Union Fire Ins. Co.*, 913 F.2d 165, 167 (4th Cir. 1990). Here, because Plaintiff has merely alleged legal conclusions without sufficient facts, he fails to allege a true case or controversy. *See id.* at 167–68. Also, this Court should make a prudential decision that it will not issue a declaratory judgment in this action. *See id.* at 168–69.

Lastly, to the extent Plaintiff brings this action with the ultimate motive to be released from a conservancy overseen by the probate court because he contends he is competent to manage his own affairs, this action is frivolous. Plaintiff unsuccessfully has filed several prior actions in this Court apparently seeking to regain control to manage his own affairs by vacating a state probate order. This Court previously has ruled that the *Rooker-Feldman* doctrine prohibits it from reviewing a prior state court order; Plaintiff is required to seek relief in the state courts or appeal to the United States Supreme Court. *See* Order, *Skelton v. Eckstrom*, C/A No. 3:14-2133-MBS (D.S.C. Dec. 30, 2014), ECF No. 13.

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss this action without prejudice and without issuance and service of process.  *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).  **Plaintiff's attention is directed to the important notice on the next page.**


March 12, 2015                                         s/Jacquelyn D. Austin
Greenville, South Carolina                    United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).