IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James B. Skelton, ) | |
| ) | C/A No. 3:15-1035-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| State of South Carolina, Governor Nikki ) | |
| Haley, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff James B. Skelton, proceeding pro se and in forma pauperis, filed the within action on March 2, 2015 against Defendants State of South Carolina and Governor Nikki Haley. Plaintiff contends that South Carolina's probate laws are unconstitutional and violate his due process and equal protection rights under the United States Constitution. Plaintiff brings this action pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to 28 U.S.C. § 1915. On March 12, 2015, the Magistrate Judge filed a Report and Recommendation in which she noted that Plaintiff's affairs are managed by a conservator appointed by a state probate court. The Magistrate Judge further observed that Plaintiff has filed several prior actions in this court seeking to regain control to manage his affairs. The Magistrate Judge determined that, with respect to the within action, Plaintiff has not articulated facts to demonstrate he has a claim entitling him to relief. The Magistrate Judge also stated that the court previously has explained it has no jurisdiction, pursuant to the Rooker-Feldman doctrine, to review any state court orders from which Plaintiff seeks relief. Accordingly, the Magistrate Judge recommended that the case be summarily dismissed without prejudice and without issuance and

service of process. Plaintiff filed objections to the Report and Recommendation on March 23, 2015.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. The district court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. Id. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

In his objections, Plaintiff reiterates the allegations of his complaint and discusses his beliefs regarding the current state of government. However, Plaintiff's objections do not direct the court to specific errors in the Report and Recommendation.

The court has thoroughly reviewed the record. The court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. Plaintiff's complaint is summarily dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

June 11, 2015